## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| STREAM TV NETWORKS, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 22-851-CJB |
| | ) | |
| SHADRON STASTNEY, ARTHUR | ) | |
| LEONARD ROBERT MORTON, ALASTAIR | ) | |
| CRAWFORD, ASAF GOLA, KEVIN | ) | **JURY TRIAL DEMANDED** |
| GOLLOP, KRZYSZTOF KABACINSKI, | ) | |
| PATRICK MILES, ROBERT PETCH, HAWK | ) | |
| INVESTMENT HOLDINGS LIMITED, and | ) | |
| JOHN DOES 1-75, | ) | |
| | ) | |
| Defendants. | ) | |

## [ PROTECTIVE ORDER

**WHEREAS,** Plaintiff Stream TV Networks, Inc. ("Plaintiff") and Defendants Shadron Stastney, Arthur Leonard Robert Morton, Alastair Crawford, Asaf Gola, Kevin Gollop, Krzysztof Kabacinski, Patrick Miles, Robert Petch, Hawk Investment Holdings Limited, and John Does 1-75 ("Defendants") believe, and the Court has determined, that good cause exists for entry of this Stipulated Protective Order (the "Protective Order");

**WHEREAS,** the parties to the above-captioned action may seek discovery of highly confidential and sensitive financial or business information, proprietary information that has not been disseminated to the public at large and which is not readily discoverable by competitors and has been the subject of reasonable efforts by the respective parties to maintain its secrecy, trade secrets, and/or other confidential research, development, or commercial information of the parties to this action, or third parties within the meaning of Federal Rule of Civil Procedure 26(c);

**WHEREAS,** the parties believe that the entry of the Protective Order will help facilitate third-party discovery and address third parties' concerns about the confidentiality of their information; and

**WHEREAS,** the parties recognize that confidential information is being produced only for use in this civil action.

Accordingly, it is hereby ORDERED:

1. ***Definitions***.  As used in this Protective Order, these terms have the following meanings:

a)      "Confidential Information" shall mean all information or Material produced for or disclosed in connection with this action to a Receiving Party that a Producing Party believes to contain or comprise confidential proprietary, technical, sales, marketing, financial, business, trade secret, research, development, or commercial information, or other sensitive information, qualifying for protection under standards developed pursuant to Fed. R. Civ. P. 26(c), whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the Producing Party.

b)      "Designating Party" shall mean a Party or Third Party that designates information or items that it produces in disclosures or in response to discovery as "Confidential Information" or "Highly Confidential Information" pursuant to this Protective Order.

c)      "Expert" shall mean a person with specialized knowledge or experience in a subject or issue pertinent to the litigation who has been retained by a Party to serve as an expert witness or as a consultant in this action and who is not a past or current employee of a Party.

d)      "Highly Confidential Information" shall mean Material that the Designating Party in good faith believes contains information that is and/or concerns: (1) proprietary research and development and/or sensitive technical information; (2) sensitive business-related financial or

commercial information; (3) trade secrets; (4) personal financial information; and/or (5) such other Materials that relate to proprietary information that the Designating Party reasonably believes is of such nature and character that the unauthorized disclosure of such information could irreparably injure the Designating Party.  Highly Confidential Information may include, without limitation, sensitive information relating to research for or production of products, including internal product specifications, sensitive financial information or marketing plans and forecasts, customer lists, pricing data, cost data, customer orders or quotations, sensitive commercial information (including business plans and business strategies), financial information (including budgeting, accounting, sales figures and advertising expenditures), or sensitive business relationship information (including information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents).

e) "In-House Legal Personnel" shall mean employees of a Party, including attorneys, who are responsible for managing litigation matters as part of their job duties.

f) "Material" shall mean all items or information, including from any Third Party, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or disclosures in this case.

g) "Outside Counsel" shall mean (i) outside counsel who appear on the pleadings as counsel for a Party and (ii) partners, associates, and staff of such counsel to whom it is reasonably necessary to disclose the information for this litigation.

h) "Party" shall mean any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel.

-3-

i)      "Privileged Material" shall mean information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity.

j)      "Producing Party" shall mean the Party or Third Party that produces the Protected Material.

k)      "Protected Material" shall mean Material designated by a Producing Party or Designating Party as Confidential Information or Highly Confidential Information.

l)      "Receiving Party" shall mean any Party who receives any Material.

m)      "Requesting Party" shall mean any Party that seeks the disclosure of Protected Material.

n)      "Third Party" shall mean any person or entity who is not a Party to this action.

o)      "Vendor" shall mean persons or entities engaged by a Party to provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**2.   *Information Subject to this Protective Order.*** This Protective Order governs the use and handling of all Material designated as Protected Material pursuant to the provisions herein. This Protective Order protects all Material and all copies, excerpts, summaries, and compilations of such Material, as well as testimony, conversations, or presentations by the Parties in court or in other settings that might reveal Protected Material. Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose.

**3.   *Duration*.** Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees

ME1 44370534v.1

otherwise in writing or a court order directs otherwise.  Unless otherwise ordered or agreed in writing by the Producing Party (and, if not the same person or entity, the Designating Party), within thirty (30) days after the Final Termination of this action, each Receiving Party shall return all Protected Material to the Producing Party, or alternatively, with permission in writing from the Producing Party, destroy the Protected Material.  For purposes of this Order, "Final Termination" occurs after an order, mandate, or dismissal finally terminating the above-captioned action with prejudice, including all appeals.  Whether Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the thirty-day deadline that affirms that all Protected Material was returned or destroyed and that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Outside Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence, or attorney or consultant work product, even if such materials contain Protected Material.

4.  *Manner of Designation*.  The Producing Party may designate Protected Material subject to this Protective Order as follows:

a)  <u>Reasonable Care in Designating Material for Protection.</u>  Each Party or Third Party that designates Material for protection under this Protective Order must take reasonable care to limit any such designation to specific Material that qualifies under the appropriate standards.  If it comes to a Party or Third Party's attention that Material that it designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted,

-5-

that Party or Third Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

b)    <u>Timing of Designation</u>.  Except as otherwise provided in this Protective Order, or as otherwise stipulated and ordered, Material that qualifies for protection under this Protective Order must be clearly so designated before the Material is disclosed or produced.

c)    <u>Designation of Confidential Information</u>.  A Producing Party may designate as "Confidential Information" all or any part of any discovery or other Materials produced or served in this action or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, deposition testimony, and responses to requests for admission, which contain Confidential Information as defined herein.  A Party or Third Party shall designate Material as Confidential Information by marking it prominently on its face with the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – FILED UNDER SEAL" or an equivalent legend, as appropriate, when it is produced or provided to the Requesting Party.  Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  If an entire multi-page document is to be treated as "Confidential Information," each page of such document should be marked.  In addition, each page of each document and each thing produced pursuant to discovery in this action shall bear a unique identifying number.

d)    <u>Designation of Highly Confidential Information</u>.  A Producing Party may designate as "Highly Confidential Information" all or any part of any discovery or other Materials produced or served in this action or filed with the Court, including without limitation, documents and things, pleadings, motions, interrogatory answers, deposition testimony, and responses to

-6-

requests for admission, which contain Highly Confidential Information as defined herein.  A Party or Third Party shall designate a document or thing as Highly Confidential Information by marking it prominently on its face with the legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – FILED UNDER SEAL" or an equivalent legend, as appropriate, when it is produced to the Requesting Party.  Anything that cannot be so marked on its face shall be marked by placing the appropriate legend on a container or package in which the thing is produced or on a tag attached thereto.  If an entire multi-page document is to be treated as "Highly Confidential Information," each page of such document should be marked.  In addition, each page of each document and each thing produced pursuant to discovery in this action shall bear a unique identifying number.

e)      _Designating Original Materials._  In lieu of marking the original of a document that contains Protected Material prior to inspection, Outside Counsel for the Producing Party may orally or in writing designate documents being produced for inspection as containing Confidential Information or Highly Confidential Information, thereby making them subject to this Protective Order; however, any copies of such documents must be marked by the Producing Party in accordance with Paragraph 4(c) or 4(d) at the time copies are provided.

f)      _Designating Testimony._  Testimony or information disclosed at a deposition may be designated by a Party or Third Party as Confidential Information or Highly Confidential Information by indicating on the record at the deposition the specific testimony that contains Confidential Information or Highly Confidential Information that is to be made subject to the provisions of this Protective Order.  A Party or Third Party may designate as Confidential Information or Highly Confidential any testimony of its employees, agents, and representatives.

-7-

Alternatively, a Party or Third Party may designate testimony or information disclosed at a deposition as Confidential Information or Highly Confidential Information by notifying the other Parties, in writing, within fourteen calendar days of receipt of the final transcript of the deposition that the transcript is to be designated as Confidential Information or Highly Confidential Information.  Whether or not designation is made at the time of a deposition, all depositions shall be treated as Highly Confidential Information from the taking of the deposition until fourteen calendar days after receipt of the final transcript, or until receipt of the notice referred to in this subparagraph, whichever occurs sooner.  In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties." Outside Counsel for any Producing Party shall have the right to exclude from oral depositions any person who is not authorized by this Protective Order to receive or access Protected Material based on the designation of such Protected Material, other than (i) the deponent, (ii) counsel who appear on the pleadings as counsel for the deponent (iii) partners, associates, and staff of such counsel to whom it is reasonably necessary to have in the deposition, (iv) Outside Counsel; (v) the reporter, and (vi) the videographer (if any).  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

g) <u>Designating Court Filings</u>.  Any memoranda, pleadings, affidavits, or other papers served or filed with the Court may be designated as Confidential Information by prominently marking the cover (near the caption to the extent practicable) with the legend "CONFIDENTIAL

-8-

– SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – FILED UNDER SEAL" in the case of documents filed with the Court.  Any memoranda, pleadings, affidavits or other papers served or filed with the Court may be designated as Highly Confidential Information by prominently marking the cover (near the caption to the extent practicable) with the legend "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – FILED UNDER SEAL" in the case of documents filed with the Court.  The Party filing any memoranda, pleadings, affidavits, or other papers including Protected Material is responsible for filing under seal at least the portions of the memoranda, pleadings, affidavits, or other papers including the Protected Material.  If any Party fails to file Protected Material under seal, any Party to this action may request that the Court place the Protected Material under seal within thirty (30) days after the Protected Material was filed.

h)  Designating Summaries or Copies.  Any summary or copy containing Protected Material shall be subject to the terms of this Protective Order to the same extent as the information or document from which such summary or copy was made.

i)  Inadvertent Failure to Designate.  The inadvertent or unintentional failure by a Producing Party to designate specific Materials as containing Protected Material shall not be deemed a waiver in whole or in part of a Party's claim of confidentiality as to such Materials.  Upon notice to the Receiving Party of such failure to designate, the Receiving Party shall (i) take all reasonable steps to retrieve the relevant Protected Material, including any summaries and/or notes related to the Protected Material, to the extent it has been disclosed to persons who would not be authorized to view it under Paragraph 5; and (ii) within seven days of receipt of properly marked substitute copies return any unmarked or improperly marked copies of the relevant

-9-

Protected Material that are recovered to the Producing Party or certify in writing that any such copies have been destroyed.

**5.** *Access to and Use of Protected Material*

a)      Basic Principles. Except upon the prior written consent of the Producing Party, or upon further order of this Court, Protected Material shall be treated strictly in accordance with the provisions of this Protective Order and may be used or disclosed only as specified in this Protective Order.

b)      Access to Confidential Information.  Access to any information marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – FILED UNDER SEAL" shall be limited to:

i.      the Receiving Party's Outside Counsel;

ii.      the officers, directors, and/or employees (including In-House Legal Personnel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation, provided that each such person has signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

iii.      Experts, provided that such disclosure is only to the extent necessary to perform such work; and provided that (a) such Expert has agreed to be bound by the provisions of the Protective Order by signing the "Agreement to Be Bound by Protective Order" (Exhibit A); (b) such Expert is not a current officer, director, or employee of a Party or of a competitor of a Party; (c) such Expert accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction, unless otherwise agreed between the Parties; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

-10-

   iv.   the Court and its personnel;

   v.   court reporters, their staffs, and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

   vi.   during their depositions, witnesses in the action to whom disclosure is reasonably necessary; and

   vii.   Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this action and in accordance with the vendor's ordinary operating procedure.

   c)  <u>Access to Highly Confidential Information</u>.  Access to any information marked "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – FILED UNDER SEAL" shall be limited to:

   i.   the Receiving Party's Outside Counsel;

   ii.   Experts, provided that such disclosure is only to the extent necessary to perform such work; and provided that (a) such Expert has agreed to be bound by the provisions of the Protective Order by signing the "Agreement to Be Bound by Protective Order" (Exhibit A); (b) such Expert is not a current officer, director, or employee of a Party or of a competitor of a Party; (c) such Expert accesses the materials in the United States only, and does not transport them to or access them from any foreign jurisdiction, unless otherwise agreed between the Parties; and (d) no unresolved objections to such disclosure exist after proper notice has been given to all Parties as set forth in Paragraph 10 below;

   iii.   the Court and its personnel;

iv.      court reporters, their staffs, and other persons involved in recording or transcribing hearings, trial testimony, or deposition testimony in this action;

v.      witnesses in any deposition or other proceeding of this action who (A) are the author, recipient, or intended recipient of the Highly Confidential Information, (B) based on evidence, are reasonably believed to have had access to or knowledge of the Highly Confidential Information in the past, (C) the Producing Party has designated under Federal Rule of Civil Procedure 30(b)(6), or (D) the Producing Party consents to such disclosure; and

vi.      Professional Vendors, but only to the extent necessary for the particular litigation support services being rendered for this action and in accordance with the vendor's ordinary operating procedure.

**6.  *Challenging Confidentiality Designations***

a)      <u>Meet and Confer</u>.  Any Party may contest a claim of confidentiality.  Any Party objecting to the designation of any Material as either Confidential Information or Highly Confidential Information must give Outside Counsel for the Producing Party written notice of its reasons for the objection.  The Producing Party will then have ten (10) days after receipt of this notice to change the designation or to provide a written response explaining why the designation is appropriate.  Failing resolution after service of the written notice of its reasons for the objection, the Party objecting may seek an order changing or removing the designation by following the applicable rules and procedures governing discovery disputes in: (i) the Scheduling Order; (ii) the Individual Rules of the Judge; (iii) the Local Civil Rules of the United States District Court for the District of Delaware; and (iv) the Federal Rules of Civil Procedure.  The Party or Producing Party (if not a Party) asserting confidentiality has the burden of showing that the designation is appropriate.  The Material designated as either Confidential Information or

-12-

Highly Confidential Information shall remain as such until the matter is resolved by Court order or agreement of the Producing Party.

b)      <u>No Waiver.</u>  No Party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this action or any other action to the propriety of such designation.

**7.  *Use of Protected Material.***

a)      Unless otherwise ordered by the Court, or agreed to in writing by the Producing Party, all Protected Material shall be held in confidence by each Receiving Party, shall be used only for purposes of this action, shall not be used for any business purpose or in connection with any other actual or contemplated regulatory or legal proceeding, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

b)      Materials designated as Confidential Information shall be disclosed only to qualified persons under the terms of Paragraph 5(b) of this Protective Order.

c)      Materials designated as Highly Confidential Information shall be disclosed only to qualified persons under the terms of Paragraph 5(c) of this Protective Order.

d)      Nothing contained herein shall be construed to prejudice any Party's right to use any Protected Material in questioning a witness at any deposition or hearing provided that the Protected Material is only disclosed to persons: (1) eligible to have access to the Protected Material under the terms of this Order; (2) eligible to have access to the Protected  Material by virtue of his or her employment with the Producing Party; (3) whose name appears on the

Protected Material, including being identified in the Protected Material as an author, addressee, or copy recipient of such information.  Any person not qualified to view Protected Material under this Protective Order shall be excluded from the portion of the examination  that concerns such Protected Material, unless the Producing Party consents in writing or on the record to his or her presence.

e)      Nothing in this Protective Order shall be construed as preventing a Party or Third Party from using or continuing to use its own Protected Material.

f)      If Protected Material is disclosed to anyone other than in a manner authorized by this Protective Order, the Party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and make every reasonable effort to retrieve such Protected Material and to prevent further disclosure.

g)      Nothing in this Protective Order shall be construed (i) as preventing a Party from using or continuing to use any information that is or becomes publicly known through no unauthorized act or omission of such a Party, or (ii) as preventing a Party from using or continuing to use any information that is or becomes known to it if such information was or is lawfully obtained by such a Party other than through discovery in this action.

h)      The Parties shall meet and confer prior to trial to discuss procedures for maintaining the confidentiality of Protected Material during the course of trial.

**8.  *Effect of this Protective Order.***  Entering into, agreeing to, producing, and/or receiving Protected Material or otherwise complying with the terms of this Protective Order shall not:

a)      Operate as an admission by any Party that any Material designated as Confidential Information or Highly Confidential Information contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

-14-

ME1 44370534v.1

b)      Operate as an admission to any Party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any Party to be Protected Material;

c)      Prejudice in any way the rights of any Party or Third Party to:

     i.      Object to the production of Materials it considers not subject to discovery;

     ii.      Object to the authenticity or admissibility into evidence of any document, testimony, or the evidence subject to this Protective Order;

     iii.      Seek a determination by the Court whether any Material or Protected Material should be subject to the terms of this Protective Order;

     iv.      Petition the Court for a further protective order relating to any purportedly Confidential Information or Highly Confidential Information;

     v.      Request another Party's permission to disclose or use particular Confidential Information or Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order;

     vi.      Petition the Court for permission to disclose or use particular Confidential Information or Highly Confidential Information more broadly than would otherwise be permitted by the terms of this Protective Order;

     vii.      Prevent any Producing Party from agreeing to alter or waive the provisions or protection provided for herein with respect to any particular Material designated as Confidential Information or Highly Confidential Information by that Party; or

     viii.      Prevent disclosure beyond the terms of this Protective Order if the Producing Party consents in writing to such disclosure or if the Court orders such disclosure.

-15-

**9.** *Attorney-Client and Attorney Work Product Privileges*

a)      Nothing in this Protective Order shall bar or otherwise restrict any Outside Counsel or In-House Legal Personnel herein from rendering advice to the Party-client with respect to this action, and in the course thereof, relying upon an examination of Confidential Information or Highly Confidential Information, provided, however, that in rendering such advice and in otherwise communication with the Party-client, the Outside Counsel or In-House Legal Personnel shall not disclose the Confidential Information or Highly Confidential Information, nor the source of any such information, to anyone not authorized to receive it pursuant to the terms of this Protective Order.

b)      Nothing in this Protective Order shall require production of information that a Party or Third Party contends is Privileged Material.  If Privileged Material is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity. Upon becoming aware of the production of Privileged Material, the Producing Party must promptly notify the recipient(s) of such inadvertent production in writing.  Upon receipt of such notice, the recipient(s) shall gather and destroy all copies of the claimed Privileged Material and certify that it has done so to the Producing Party within seven days of receipt of the notice. Notwithstanding this provision, Outside Counsel are not required to delete information that may reside on their respective firm's electronic back-up systems that are over-written in the normal course of business.

c)      Within 14 days of the Producing Party's notice of inadvertent production, the Producing Party shall provide a privilege log identifying the inadvertently produced Privileged Material.   The Receiving Party may move the Court for an order compelling production of such

-16-

Privileged Material in accordance with the Federal Rules of Civil Procedure.   Such a motion to compel shall be filed under seal and shall not assert as a ground for production the fact of the inadvertent production, nor shall the motion disclose or otherwise use the content of the inadvertently produced Privileged Material in any way beyond that which is reasonably necessary to identify the Privileged Material and its nature for the Court.

       d)    <u>Draft Expert Materials</u>.  Experts shall not be subject to discovery of any draft of their reports in this action and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this action are considered attorney work-product and are exempt from discovery.  In addition, all communications between Outside Counsel for a Party or employees of a Party who are attorneys responsible for legal matters as part of their job duties and that Party's Expert, and all materials generated by a testifying Expert with respect to that Expert's work, are also considered attorney work-product and are exempt from discovery unless they relate to the Expert's compensation or identify facts, data, or assumptions relied upon by the Expert in forming any opinions in this action and such information is not already disclosed in the Expert's report.

       e)    <u>Redactions</u>. A Producing Party may produce a redacted version of information, documents, or tangible things that Outside Counsel contend are protected from disclosure by the attorney-client privilege, the attorney work-product immunity, or any other applicable privilege or immunity, identifying where the privileged or immune information was redacted with the designation "Redacted — Privileged."  No Party shall be required to identify on their respective privilege log any document or communication dated or occurring on or after the filing of the lawsuit.  The Parties shall exchange their respective privilege logs at a time to be agreed upon by the Parties following the production of documents.

ME1 44370534v.1

**10.** *Notice*.

a)      Notice under this Protective Order shall be to the parties as follows, unless this

provision is modified by the parties in writing and filed with this Court:

For Plaintiff:

Andrew S. Dupre
Brian R. Lemon
Stephanie H. Dallaire
McCarter & English, LLP
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
adupre@mccarter.com
blemon@mccarter.com
sdallaire@mccarter.com

For Defendants:

Tyler B. Burns
Ballard Spahr LLP
919 N. Market Street, 11th Floor
Wilmington, DE 19801
(302) 252-2856
burnst@ballardspahr.com

-and-

Terence M. Grugan
Emilia McKee Vassallo
Ballard Spahr LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
Telephone: (215) 665-8500
Grugant@ballardspahr.com
McKeeVassalloe@ballardspahr.com

*Counsel for Shadron Stastney, Alastair Crawford, Robert Petch and Patrick Miles*

ME1 44370534v.1

Steven L. Caponi
Matthew B. Goeller
Megan E. O'Connor
K&L Gates LLP
600 N. King Street, Suite 901
Wilmington, DE 19801
Phone: (302) 416-7000
steven.caponi@klgates.com
matthew.goeller@klgates.com
megan.oconnor@klgates.com

-and-

Thomas A. Warns
K&L Gates LLP
599 Lexington Avenue
New York, NY 10022
Phone: (212) 536-4009
Tom.warns@klgates.com

*Attorneys for Defendants Hawk Investment Holdings Limited and Arthur Leonard Robert Morton*

Alexandra Rogin
Eckert Seamans Cherin & Mellott, LLC
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801
(302) 552-2935
arogin@eckertseamans.com

-and-

David M. Laigaie
Eli Granek
Shari Parker
Eckert Seamans Cherin & Mellott, LLC
50 S 16th St.
22nd Floor
Philadelphia, PA 19102
(215) 851-8400
dlaigaie@eckertseamans.com
egranek@eckertseamans.com
sparker@eckertseamans.com

*Attorneys for Asaf Gola*

-19-

b)      Prior to disclosing any Protected Material to any Expert pursuant to Paragraphs 5(b)(iii) and 5(c)(ii), the Party seeking to disclose such information shall provide the Producing Party with written notice that includes:

        i.      the name of the Expert;

        ii.      an up-to-date curriculum vitae of the Expert;

        iii.      the present employer and title of the Expert;

        iv.      an identification of all of the Expert's past and current employment and consulting relationships within five (5) years, including direct relationships and relationships through entities owned or controlled by the Expert;

        v.      a list of the cases in which the Expert has testified at deposition or trial within the last five (5) years; and

        vi.      such other information regarding the Expert's professional activities reasonably requested by the Producing Party for it to evaluate whether good cause exists to object to the disclosure of Protected Material to the Expert.

c)      Within five (5) days of receipt of the disclosure of the Expert, the Producing Party or a Parties may object in writing to the Expert for good cause.  In the absence of an objection at the end of the five (5) day period, the Expert shall be deemed approved under this Protective Order.  There shall be no disclosure of Protected Material to the Expert prior to expiration of this five (5) day period.  If the Producing Party objects to disclosure to the Expert within such five (5) day period, the Parties and the Producing Party (if not a Party) shall meet and confer via telephone or in person within four (4) days following the objection and attempt in good faith to resolve the dispute on an informal basis. If the dispute is not resolved, the Party or Producing Party (if not a Party) objecting to the disclosure will have seven (7) days from the date of the

meet and confer to seek relief from the Court.  If relief is not sought from the Court within that time, the objection shall be deemed withdrawn.  If relief is sought, Protected Material shall not be disclosed to the Expert in question until the Court resolves the objection.

d)      For purposes of this section, "good cause" shall include an objectively reasonable concern that the Expert will, advertently or inadvertently, use or disclose Protected Material in a way or ways that are inconsistent with the provisions contained in this Protective Order.

e)      Prior to receiving any Protected Material under this Protective Order, the Expert must execute a copy of the "Agreement to Be Bound by Protective Order" (Exhibit A hereto) and serve it on all Parties and Producing Parties (if not a Party).

11. *Protected Material Subpoenaed or Ordered Produced in Other Litigation*.

a)      <u>Other Proceedings</u>. By entering this Protective Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case.  Any person or party subject to this Protective Order who becomes subject to a motion to disclose another party's information designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," "CONFIDENTIAL – FILED UNDER SEAL," "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL'S EYES ONLY – FILED UNDER SEAL" pursuant to this Protective Order shall promptly notify that party of the motion so that the party may have an opportunity to be heard on whether that information should be disclosed.

b)      If a Receiving Party is served with a subpoena or an order issued in other litigation or court proceedings that require disclosure of any information or items designated in this action as Confidential Information or Highly Confidential Information, the Receiving Party

-21-

shall notify the Designating Party, in writing promptly and in no event more than four (4) court days after receiving the subpoena or order but before the scheduled date for production.  Such notification shall include a copy of the subpoena or court order.

c)      The Receiving Party shall also immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation or proceeding that some or all the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other litigation or proceeding that caused the subpoena or order to issue.

d)      The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burden and the expense of seeking protection in that court of its Protected Material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**12. *Application to Third Parties.***  The terms of this Protective Order may be applied to the Materials provided by a Third Party.  The Third Party must designate the Materials as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL– OUTSIDE COUNSEL'S EYES ONLY – SUBJECT TO PROTECTIVE ORDER" pursuant to this Protective Order.  The Parties may not designate the Third Party's Materials on their own, unless a Party has a separate legal obligation to maintain such Materials as confidential.

**13. *Miscellaneous***

a)   No Contract.  To the extent the Parties have agreed on the terms of this Protective Order, such stipulation is for the Court's consideration and approval as an order.  The Parties'

-22-

stipulation shall not be construed to create a contract between the Parties or between the Parties and their respective counsel.

b)   <u>Modifications</u>.  Any Party may, on motion or other request to the Court and for good cause shown, seek a modification of this Protective Order.  By agreeing to this Protective Order, no Party shall be deemed to have waived the right to modifications later sought by such Party. Nothing in this Protective Order shall limit the Parties' ability to stipulate to the receipt of Confidential Information or Highly Confidential Information by a particular individual, to the manner in which an individual may receive such information, or to modifications of deadlines required by this Protective Order.

c)   <u>Effective Date</u>.  This Protective Order shall be effective on the date the Court issues its order, after which the Parties may produce Material and designate the Material as either Confidential Information or Confidential Information.  Material previously produced as Confidential pursuant to L. Rule 26.2 shall be re-designated as Confidential or Highly Confidential within 30 days of this order.

d)   <u>No Prejudice</u>. This Protective Order is without prejudice to the right of any Party to seek relief or additional protection from this Court from any of the provisions provided herein.

e)   <u>Continuing Jurisdiction</u>. All disputes concerning Protected Material produced under this Protective Order shall be resolved by the United States District Court for the District of Delaware.  After termination of this action, the provisions of this Protective Order shall continue to be binding, and the Court shall retain jurisdiction over the Parties and recipients of Protected Material for enforcement of the provisions of this Protective Order, including after the termination of this action.

f)   <u>Storage of Protected Material</u>.  Protected Material must be stored and maintained by a Receiving Party in a secure manner that ensures that access is limited to the persons authorized under this Protective Order.

Dated: March 10, 2023

MCCARTER & ENGLISH, LLP

<u>/s/ Stephanie H. Dallaire</u>
Andrew S. Dupre (No. 4621)
Brian R. Lemon (No. 4730)
Stephanie H. Dallaire (No. 5184)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
T: (302) 984-6300

*Attorneys for Plaintiff*

BALLARD SPAHR LLP

<u>/s/ Tyler B. Burns</u>
Tyler B. Burns (No. 6978)
919 N. Market Street, 11th Floor
Wilmington, DE 19801
(302) 252-2856
burnst@ballardspahr.com

*Attorneys for Shadron Stastney, Alastair
Crawford, Patrick Miles, and Robert Petch*

K&L GATES LLP

<u>/s/ Megan E. O'Conner</u>
Steven L. Caponi (No. 3484)
Matthew B. Goeller (No. 6283)
Megan E. O'Connor (No. 6569)
600 N. King Street
Suite 901
Wilmington, Delaware 19801
(302) 416-7080
steven.caponi@klgates.com

*Attorney for Hawk Investment Holdings Ltd.,
Arthur Leonard Robert Morton*

ECKERT SEAMANS CHERIN & MELLOTT,
LLC

<u>/s/ Alexandra Rogin</u>
Alexandra Rogin (No. 6197)
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801
(302) 552-2935
arogin@eckertseamans.com

*Attorneys for Asaf Gola*

IT IS SO ORDERED this <u>13th</u> day of <u>March</u>, 2023.

<u>Christopher J. Burke</u>
The Honorable Christopher J. Burke
United States District Court Magistrate Judge

-24-

**EXHIBIT A**
**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of

_____ [print or type full

company name and address], declare under penalty of perjury that I have read in its entirety and

understand the Protective Order that was issued by the United States District Court for the

District of Delaware on _____ [date] in the case of *Stream TV Networks, Inc. v.*

*Stastney, et al.*, No. 22-851 (D. Del.).  I agree to comply with and to be bound by all the terms of

this Protective Order and I understand and acknowledge that failure to so comply could expose

me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not

disclose in any manner any information or item that is subject to this Protective Order to any

person or entity except in strict compliance with the provisions of this Protective Order.

     I further agree to submit to the jurisdiction of the United States District Court for the

District of Delaware for the purpose of enforcing the terms of this Protective Order, even if such

enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

-25-